IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| DEBORAH L. AKERS, | ) | |
|---|---|---|
| Appellant, | ) | |
| v. | ) | Civil No. 3:17-cv-01470 |
| | ) | Judge Aleta A. Trauger |
| HENRY E. HILDEBRAND, III, et al., , | ) | |
| Appellees. | ) | |

## MEMORANDUM and ORDER

Before the court is the appellant's Objection (Doc. No. 28) seeking *de novo* review of the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 26), recommending that the plaintiff's Motion for Preliminary Injunction (Doc. No. 23) be construed as a motion for stay pending appeal and that it be denied. For the reasons set forth herein, the Objection is **OVERRULED** in its entirety, the R&R is **ACCEPTED**, and the appellant's Motion for Preliminary Injunction is **DENIED**.

### I. Standard of Review

#### A. Report and Recommendation

Typically within fourteen days after being served with a report and recommendation, any "party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge

with instructions." *Id.*

The court may decline to review any objections that are not sufficiently specific "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380).

### B. Bankruptcy Court Rulings

This court reviews a bankruptcy court's conclusions of law *de novo* but reviews its findings of fact for clear error, *Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 280 (6th Cir. 1998), with "due regard" accorded the bankruptcy court's opportunity to judge the credibility of the witnesses. *In re Aubiel*, 534 B.R. 300, 307 (B.A.P. 6th Cir. 2015) (citation omitted).

## II. Background

The court adopts in its entirety the magistrate judge's recitation of the factual and procedural background of this case and presumes familiarity with the history of this case and the underlying bankruptcy proceedings. For purposes of reviewing the appellant's objections, the court will summarize only the history strictly necessary to consideration of the appellant's Objection.

Appellant-Debtor Deborah Akers initiated the action in this court by filing a Notice of Appeal of the Order Denying Confirmation, Converting Case, and Continuing Motion for Relief from Stay and Motion for Relief from Co-Debtor Stay ("Confirmation Order"), entered by the United States Bankruptcy Court for the Middle District of Tennessee ("Bankruptcy Court") in Akers' bankruptcy case, *In re Akers*, No. 3:17-bk-04635 (Bankr. M.D. Tenn. Nov. 3, 2017)

(B'cy Doc. No. 88).[1] After Akers filed her appeal, the Bankruptcy Court entered an order ("*In Rem* Order") (B'cy Doc. No. 135) granting the Motion to Reconsider the Amended Motion for Prospective Relief from Stay (B'cy Doc. No. 115) filed by Gregory Funding LLC as Servicer for AJX Mortgage Trust II, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trust ("Gregory Funding"). Akers thereafter filed an Amended Notice of Appeal to include reference to the *In Rem* Order as well.

After briefing of the appeal was completed, Akers filed her Motion for Preliminary Injunction (Doc. No. 23), specifically requesting that Gregory Funding and its attorneys, Shapiro & Ingle, LLP, be enjoined from "any further acts to enforce their fraudulent lien" on Akers' residence, real property located at 543 Richmar Drive, Nashville, Tennessee (the "Richmar residence"). (Doc. No. 23, at 1.) More specifically, she seeks to prohibit Gregory Funding from proceeding with the foreclosure sale of the Richmar residence, presently scheduled for 11:00 a.m. on Wednesday, June 6, 2018, pending this court's resolution of her appeal.

In support of her preliminary injunction motion, Akers incorporates by reference, in their entirety, her Amended Prehearing Statement filed in the Bankruptcy Court on October 16, 2017 (B'cy Doc. No. 75) and her Opening Brief and Reply Brief filed in this court in support of her appeal. (Doc. Nos. 13, 18.) She argues that this documentation makes it clear that neither she nor her husband, James Akers, engaged in any fraudulent transfers in connection with her bankruptcy proceeding; that any fraudulent transfers that have occurred in this case must be attributed to Gregory Funding; and that she is in possession of "extensive documentation . . . which will prove, **beyond any reasonable doubt**," that Gregory Funding has no lawful interest

---

[1] Documents filed in Case No. 3:17-bk-04635 will be referred to herein by their docket number in that case, denoted as "B'cy Doc. No. ___." Documents filed in this court are referred to simply by docket number (e.g., "Doc. No. ___").

in the Richmar residence. (Doc. No. 23, at 3 (emphasis in original).) She identifies as the basis for her appeal Gregory Funding's purported lack of standing to enforce an "unlawful" lien on the Richmar residence. (Doc. No. 23, at 3.) She claims that permitting the foreclosure sale to proceed would cause Akers and her husband to suffer a financial loss in excess of $400,000 and leave them without financial means to obtain suitable housing, food, medical care, transportation and other necessities, strip them of all legal interests in the Richmar residence, and "destroy" their credit rating. (Doc. No. 23, at 3–4.) Gregory Funding responded to the Motion for Preliminary Injunction. (Doc. No. 25.) Its response also incorporates by reference its briefing related to the merits of the underlying appeal (Doc. No. 15).

In addressing the preliminary injunction motion, the magistrate judge found, first, that Akers' filings do not conform to the procedural requirements, specifically because Akers failed to file a motion for a stay pending appeal of the Bankruptcy Court's *In Rem* Order and because, even if her preliminary injunction motion is construed as a motion for stay pending appeal, Akers did not satisfy the requirements of Rule 8007 of the Federal Rules of Bankruptcy Procedure. The magistrate judge concluded that Akers' failure to comply with Rule 8007, standing alone, was fatal to her motion.

In addition, however, the magistrate judge concluded that, even if the court waived compliance with Rule 8007, construed Akers' preliminary injunction motion as one for a stay pending appeal, and considered it as such on the merits, Akers has not met her burden of proving that a stay or any other type of injunctive relief is warranted, because she has not shown that any of the factors relevant to a request for injunctive relief weigh in her favor. Specifically, the magistrate judge found that Akers could not show (1) that she has a likelihood of prevailing on the merits of her appeal; (2) that there is a likelihood that she would be irreparably harmed

absent a stay; (3) that others would not be harmed if the court grants the stay; or (4) that public policy or the public interest weighs in favor of a stay. (*See* Doc. No. 26, at 8 (citing *Mich. Coal. of Radioactive Material Users, Inc., v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).)

The R&R was issued on May 24, 2018, just three days after Akers filed her Motion for Preliminary Injunction. In light of the impending foreclosure sale, the court entered an order directing that any objections to the R&R be filed no later than 5:00 p.m. on Wednesday, May 30, 2018. Akers complied with that directive. The appellees have not filed a response to the Objection.

### III.    Akers' Objection

Akers raises six "issues" or specific objections to the R&R, four of which appear to be directed at the magistrate judge's conclusion that she has no realistic likelihood of success on the merits of her appeal. Akers argues that:

(1) the magistrate judge erred in finding that Gregory Funding has a valid lien on the Richmar residence;

(2) the magistrate judge erred in finding that Akers "may have quitclaimed all of her interest in the Richmar Property to her non-filing spouse . . . for purposes of hindering the secured creditor's prior attempt to foreclose on the property" (Doc. No. 26, at 2);

(3) the magistrate judge erred in suggesting that there was any impropriety in Akers' valuation of the Richmar residence or suggesting that Akers may have conceded the validity of Gregory Funding's lien on the residence;[2]

---

[2] Akers "acknowledges" that her characterization of her interest in the Richmar residence as a "fee simple" interest on Schedule A/B of her Voluntary Petition for Individuals Filing for Bankruptcy and in her proposed Chapter 13 Plan was "improper in light of subsequent documents which were recorded within the Davidson County, Tennessee Register of Deeds Office," namely the Quitclaim Deed recorded on May 12, 2015. She states that "this was an

(4) the Bankruptcy Court lacked jurisdiction to grant Gregory Funding's motion for *in rem* stay relief, since Akers' filing of her notice of appeal divested the Bankruptcy Court of jurisdiction to "enter orders that would affect or modify any issue or matter on appeal" (Doc. No. 28, at 8 (citations omitted));

(5) the magistrate judge erred in finding that Akers failed to comply with Bankruptcy Rule 8007(b); and

(6) the magistrate judge erred in finding that Akers "may be judicially estopped from pursuing her claim of fraudulent note transfers" (Doc. No. 28, at 10 (citation omitted)).

## IV. Discussion

The court may readily dispense with two of Akers' arguments. "Issue No. 3" does not constitute an actual objection and does not concern any dispositive or even material finding of fact or conclusion of law made by the magistrate judge. "Issue No. 5" is moot, because the magistrate judge considered the merits of Akers' motion and did not deny it solely on the basis of her failure to satisfy the procedural requirements, and this court will likewise consider the motion and the appellant's substantive objections on their merits. These objections are **OVERRULED**.

The court considers *de novo* the appellant's other objections.

### A.  Issue No. 1

The majority of Akers' briefing in this matter focuses on Gregory Funding's alleged lack of standing to enforce its lien against the Richmar residence. The magistrate judge did not err in concluding that Akers had little chance of success in prevailing on this argument. As Gregory Funding points out in its brief in the underlying appeal, it filed a Response to Debtor's Notice of

---

honest mistake on her part and was . . . [n]ever intended to misrepresent any material fact or to mislead any person." (Doc. No. 28, at 5–6).

Objection to its claim (*see* Doc. No. 8-4, at 70), to which it attached a copy of the Adjustable Rate Note signed by Deborah Akers (*id.* at 78–80). Paragraph 1 of the Note expressly provides that it is transferrable, and the debtor agreed to pay the transferee. (*Id.* at 78 ¶ 1.) In accordance with that provision, the Note contains an endorsement in blank. Attached to the copy of the Note filed in the bankruptcy case is a Note Allonge that provides that the Note is "pay[able] to the order of" AJX Mortgage Trust II, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee By Gregory Funding LLC, "Without Recourse." (*Id.* at 87.) The Note Allonge is signed by Mary Doyle as authorized agent for Gregory Funding. (*Id.*) As the bearer of a note endorsed in blank, Gregory Funding LLC is a holder of the Note and is entitled to enforce the Note against Akers. *See* Tenn. Code Ann. § 47-3-301 ("'Person entitled to enforce' an instrument means . . . the holder of the instrument . . . . A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.").

At the October 18, 2017 confirmation hearing, Akers and her husband reviewed original copies of the Note and accompanying Deed of Trust for the mortgage now serviced by Gregory Funding. James Akers conceded that it was the actual "correct note." (Tr. of Oct. 18, 2017 Hr'g, B'cy Doc. No. 120, at 50:4.) The Bankruptcy Court reviewed the original note and attached allonges at the confirmation hearing and found Gregory Funding's lien to be valid. While the appellant and her husband both claim that the transfer was somehow "fraudulent," they have offered no actual proof of fraud and no substantive evidence backing up their assertions that Gregory Funding lacks standing to enforce the lien on the Richmar residence.

Moreover, as the magistrate judge found, Akers has not shown or argued that some other legitimate debt holder may come forward to press its claim. The Sixth Circuit has held that a

litigant who is not a party to an assignment lacks standing to challenge the assignment, *unless* the litigant asserts a "genuine claim" that she might be subject to "double liability on the debt." *Livonia Prop. Holdings, LLC v. 12840–12976 Farmington Road Holdings, LLC*, 399 F. App'x 97, 102 (6th Cir. 2010). Because Akers asserts no such probability here, she lacks standing to challenge the validity of the assignment of interest to Gregory Funding.

Akers also objects that she had 73 pounds of documents in her possession that she was ready to show to the Bankruptcy Court at the confirmation hearing, but that Gregory Funding and its counsel somehow "rigged" the hearing to prevent her from presenting this evidence. (Doc. No. 28, at 2.) The court has reviewed the entire transcript of the confirmation hearing (B'cy Doc. No. 120) and finds no indication that Akers attempted to, but was somehow prevented from, presenting any evidence. Moreover, whatever evidence may be in her possession would likely not overcome the presumption that Gregory Funding is the valid lienholder, since it is in physical possession of the original note and deed of trust.

In sum, the court finds that Akers has not established any likelihood of succeeding on her claim that Gregory Funding does not have a valid lien on the Richmar residence. This objection is **OVERRULED**.

### B. Issue No. 2

Akers next argues that the magistrate judge erred in finding that Akers "may have quitclaimed all of her interest in the Richmar Property to her non-filing spouse . . . for purposes of hindering the secured creditor's prior attempt to foreclose on the property." (Doc. No. 26, at 2.) Akers does not dispute that she quitclaimed her interest in the residence to her husband; she disputes that she did so to thwart creditors. The magistrate judge's statement in that regard appears in the "Background" section of the R&R and, based on the citations to the underlying record, was apparently premised primarily upon James Akers' testimony at the confirmation

hearing. (*See id.*)

The magistrate judge did not actually make an affirmative finding of fact that the transfer was fraudulent, and, even if she had, her ultimate conclusion that Akers is not entitled to injunctive relief did not rely on such a finding. Moreover, as is apparent from the *In Rem* Order, the decision to grant *in rem* relief was premised upon Akers' failure to seek a stay of relief pending appeal and not upon an affirmative finding that the quitclaim deed transferring Akers' interest in the Richmar residence to her husband was fraudulent or otherwise improper. (B'cy Doc. No. 135.)

In sum, it appears that Akers' subjective intent regarding the transfer is not material to the question of whether she can prevail on the merits of the underlying appeal. This objection is likewise without merit and is, therefore, **OVERRULED**.

### C. Issue No. 4

Akers argues that the Bankruptcy Court lacked jurisdiction to enter the *In Rem* Order and, in so doing, allow Gregory Funding to proceed with the foreclosure. According to Akers, her filing of the notice of appeal of the Confirmation Order divested the Bankruptcy Court of jurisdiction to "enter orders that would affect or modify any issue or matter on appeal." (Doc. No. 28, at 8 (citation omitted).)

Akers is correct that a pending appeal divests a lower court of jurisdiction to proceed further in the matter being appealed and that, while a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, "not even a bankruptcy court may vacate or modify an order while on appeal." *In re Bialac*, 694 F.2d 625, 627 (9th Cir. 1982). That rule, however, did not divest the Bankruptcy Court of jurisdiction to enter the *In Rem* Order.

The Confirmation Order that was the subject of Akers' original appeal denied

confirmation of Akers' proposed Chapter 13 plan, converted the case from Chapter 13 to Chapter 7, found that Gregory Funding had standing to enforce its lien, and denied Akers' objections to Gregory Funding's proof of claim. (B'cy Doc. No. 88.) The Bankruptcy Court expressly continued, and therefore did not rule on, Gregory Funding's Motion for Relief from Stay and Motion for Relief from Co-Debtor Stay, in order to allow the Chapter 7 trustee time to review and respond to those motions. The *In Rem* Order that is the subject of the Amended Notice of Appeal considered Gregory Funding's Motion to Reconsider the Amended Motion for Prospective Relief from Stay (B'cy Doc. No. 115) and its Motion for Continuation and Administration of Bankruptcy Proceedings Notwithstanding Appeal of Order Converting Case to Chapter 7 (B'cy Doc. No. 116). The Bankruptcy Court found that it had jurisdiction to proceed with the administration of the Chapter 7 case, since there was no motion to stay pending appeal. It also found that sufficient cause existed to grant *in rem* relief, thus paving the way for foreclosure on the Richmar residence.

Because Akers did not seek a stay pending appeal and because the *In Rem* Order technically addressed issues that the Bankruptcy Court did not rule on in the Confirmation Order, the Bankruptcy Court retained jurisdiction to consider those matters, notwithstanding the appeal. This objection, too, is **OVERRULED**.

### D. Issue No. 6

Finally, Akers argues that the magistrate judge erred in finding that Akers "may be judicially estopped from pursuing her claim of fraudulent note transfers." (Doc. No. 28, at 10 (citation omitted).) This finding was just one of several that bolstered the magistrate judge's conclusion that Akers had little chance of prevailing on her claim that Gregory Funding lacks standing to enforce its lien. The court finds, as set forth above, that Gregory Funding's physical

possession of the original promissory note and deed of trust fairly conclusively establishes its status as the noteholder under Tennessee law. That fact, standing alone, renders it extremely unlikely that Akers will succeed on the question of Gregory Funding's standing, regardless of whether she is judicially estopped from raising the argument in the first place. The court finds that the magistrate judge's suggestion that Akers may be judicially estopped from contesting Gregory Funding's standing is supported by the factual record but is ultimately not necessary to her conclusions of law. The court therefore **OVERRULES** this objection as well.

## V. Conclusion and Order

The court has conducted a *de novo* review of the record in its entirety and finds that the R&R accurately summarizes the facts and correctly states the law as applied to the arguments in the plaintiffs' Motion for Preliminary Injunction. Finding no error, the court **OVERRULES** the appellant's Objection (Doc. No. 28) and **ACCEPTS** and **ADOPTS** the magistrate judge's Report and Recommendation (Doc. No. 26) in its entirety as this court's findings of fact and conclusions of law. The plaintiff's Motion for Preliminary Injunction (Doc. No. 23) is **DENIED**.

It is so **ORDERED**.

ENTER this 1st day of June 2018.

_____
ALETA A. TRAUGER
United States District Judge